# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER CANTU, | ) | |
| Movant, | ) | No. 3:15-CV-3896-K |
| vs. | ) | No. 3:07-CR-197-K |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Christopher Cantu's (Movant) motion to vacate, set-aside, or correct sentence pursuant 28 U.S.C. § 2255. For the following reasons, the Court denies the motion.

## I. BACKGROUND

Cantu was charged by indictment with felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(e). (Doc. 1.) Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:07-CR-197-K. He pled not guilty, and a jury convicted him. (Doc. 46.) He was an armed career criminal because his federal conviction under 18 U.S.C. § 924(e) subjected him to an enhanced sentence under the Armed Career Criminal Act (ACCA) based on prior violent felony convictions for burglary of a habitation (2 prior convictions) and aggravated robbery. (Doc. 75 at 6). He was sentenced to 284 months' imprisonment. (Doc. 59.)

The judgment was affirmed on appeal. (Doc. 79); *United States v. Cantu*, 340 F.

App'x 186 (5th Cir. 2009). Among the issues raised on appeal, Cantu contended that his two convictions for burglary did not qualify as violent felonies under the ACCA. The United States Court of Appeals for the Fifth Circuit noted that it had previously held that a burglary under Tex. Penal Code § 30.02(a)(1) was a generic burglary as enumerated in the ACCA, so it qualifies as a violent felony, but a burglary under § 30.02(a)(3) was not a generic burglary *Cantu*, 340 F. App'x at 190. The Court held that Cantu's convictions for burglary under § 30.02(a)(1) qualified as violent felonies under the ACCA. *Id*. at 190-91. The Fifth Circuit recently reconsidered its case law and held that the Texas burglary statute is indivisible and is not generic burglary under the ACCA. *Herrold v. United States*, 2018 WL 948373 (5th Cir. Feb. 20, 2018). *Herrold* was a direct appeal, and it was not a § 2255 case.

Cantu's § 2255 motion was transferred to the Fifth Circuit as successive. (3:15-CV-3896-K, doc. 4.) He sought to "challenge the enhancement to his sentence under the Armed Career Criminal Act based on the Supreme Court's recent decisions in *Descamps v. United States*, 133 S. Ct. 2276 (2013) and *Johnson v. United States*, 135 S. Ct. 2551 (2015)." (3:15-CV-3896-K, doc. 5); *In re Cantu*, No. 16-10089 (5th Cir. May 13, 2016). In the *Descamps* claim, he argued that his burglary convictions were not generic burglaries under the ACCA, because the Texas burglary statute is indivisible and it includes burglary of a vehicle. (3:15-CV-3896-K, doc. 2 at 4-6, 16-20.) In the *Johnson* claim, he argued that his conviction for aggravated robbery was not a violent felony in

2

light of *Johnson*. (*Id*. at 20-24.) The Fifth Circuit authorized a successive § 2255 motion for the *Johnson* claim, but denied authorization for the *Descamps* claim. *Id*.

Cantu filed an amended § 2255 motion and raises the following grounds:

(1) "Using Texas burglary under ACCA violates due process. Using Texas burglary under ACCA violates due process. *See Johnson v US*, 135 S.Ct. 2551 (15). It is not equivalent to "generic burglary" because the Texas burglary statute contains just one offense, & is broader than generic burglary. *See Mathis v. US*, 2016 WL 1165970 (2016), 135 S.Ct. 2551 (15); *US v. Constante*, 544 F3d 584 (5C 08)."

(2) "*Johnson v. US*, 135 S.Ct. 2551 (2015), forbids using Texas "aggravated robbery" under ACCA. It can be committed multiple ways that lack "the use, attempted use, or threatened use of force," including threats of forceless injury, or recklessly causing injury. Tex. Penal Code 29.02, 29.03; *US v Vargas-Duran*, 356 F3d 598."

(3:15-CV-3896-K (doc. 9 at 7.)

## II. SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual

from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

### III. BURGLARY CONVICTIONS

The Fifth Circuit denied authorization to file a successive motion on the *Descamps* claim, which challenged the ACCA enhancement using the burglary convictions as violent felonies, because they were indivisible under *Descamps*. Cantu now argues that the burglary convictions are indivisible under *Mathis v. United States*, 136 S.Ct. 2243 (2016). He asserts that the burglary statute is indivisible and is broader than generic burglary under the ACCA, because it includes burglary under § 30.02(a)(1) and (3). In both *Descamps* and *Mathis*, the Supreme Court set out the analysis for determining whether a statute is divisible and the type of categorical approach to use in analyzing a statutory offense. *See Mathis*, 136 S. Ct. at 2249; *Descamps*, 133 S. Ct.

4

at 2281.

The Fifth Circuit did not authorize a successive § 2255 motion for his claim regarding the two burglary convictions under *Mathis*. Moreover, such a claim does not meet the requirements for a successive motion to be authorized, because *Mathis* did not announce a new rule. *See In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (per curiam) (denying authorization to file a successive § 2255 motion that relied on *Mathis* because *Mathis* did not announce a new rule of constitutional law). Although Cantu cites *Johnson* in support of this claim, the burglary convictions were used for ACCA enhancement as generic burglaries, and not under the residual clause. *See Cantu*, 340 F. App'x 186.

## IV. AGGRAVATED ROBBERY

Cantu challenges the use of his aggravated robbery conviction under the ACCA. As the Supreme Court of the United States noted in *Johnson*,

> Federal law forbids certain people—such as convicted felons, persons committed to mental institutions, and drug users—to ship, possess, and receive firearms. § 922(g). In general, the law punishes violation of this ban by up to 10 years' imprisonment. § 924(a)(2). But if the violator has three or more earlier convictions for a "serious drug offense" or a "violent felony," [Section 924 of the Armed Career Criminal Act] increases his prison term to a minimum of 15 years and a maximum of life. § 924(e)(1); *Curtis Johnson v. United States*, 559 U.S. 133, 136 (2010). The Act defines "violent felony" as follows"
>
>> any crime punishable by imprisonment for a term exceeding one year ... that—

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*. § 924(e)(2)(B) (emphasis added).
>
> The closing words of this definition, italicized above, have come to be known as the Act's residual clause.

135 S.Ct. at 2555-56 (citation modified). Subsection (i) is known as the elements clause, and the portion of subsection (ii) regarding a prior conviction that "otherwise involves conduct that presents a serious potential risk of physical injury to another" is known as the residual clause. *See United States v. Taylor*, 873 F.3d 476, 477 n.1 (5th Cir. 2017).

In *Johnson*, the Supreme Court held that the imposition of an increased sentenced under the residual clause of the ACCA violates the Constitution's guarantee of due process because the residual clause is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563. This holding is retroactively available on collateral review. *Welch v. United States*, 136 S.Ct. 1257, 1268 (2016).

After *Johnson*, "[a] violent felony is one of a number of enumerated offenses or a felony that 'has an element the use, attempted use, or threatened use of physical force against the person of another.'" *United States v. Moore*, ___ F. App'x ___, 2017 WL 4804355, at *1 (5th Cir. 2017) (per curiam) (quoting § 924(e)(2)(B)). Aggravated robbery is not an enumerated offense. To determine whether murder is a violent felony

under the elements clause, the elements of the offense must be determined. *See United States v. Lerma*, 877 F.3d 628, 631 (5th Cir. 2017).

"Criminal statutes are indivisible or divisible." *Id*. An indivisible statute sets out one set of elements to define one crime. *See id.* A divisible statute "list[s] elements in the alternative, and thereby define[s] multiple crimes." *Id*. "Elements are the constituent parts of a crime's legal definition—the things the prosecution must prove to sustain a conviction." *Mathis v. United States*, 136 S.Ct. 2243, 2248 (2016) (internal quotation marks and citations omitted). "At a trial, [elements] are what the jury must find beyond a reasonable doubt to convict the defendant," and "[a]t a plea hearing, they are what the defendant necessarily admits when he pleads guilty." *Id*. (citation omitted).

"An element of a crime must be distinguished from the means of satisfying a single element." *Lerma*, 877 F.3d at 631.

> For example, a statute may require the use of a 'deadly weapon' as an element of a crime. The statute may then further list as potential deadly weapons a knife, gun, bat, or similar weapon. That 'list merely specifies diverse means of satisfying a single element of a single crime.' [*Mathis*, 136 S.Ct.] at 2249. A jury need not find any particular weapon in the list was used in order to convict, so long as all of the jurors agreed that the defendant used a deadly weapon.

*Id*. at 631. "Elements must be agreed upon by a jury. When a jury is not required to agree on the way that a particular requirement of an offense is met, the way of satisfying that requirement is a means of committing an offense not an element of the

7

offense." *United States v. Howell*, 838 F.3d 489, 498 (5th Cir. 2016) (quoting *United States v. Hinkle*, 832 F.3d 569, 574-75 (5th Cir. 2016). To determine whether a statute is divisible or indivisible, the court may consider several sources, including the statutory text and state court decisions. *United States v. Reyes-Contreras*, ___ F.3d ___ , 2018 WL 722552 at *3 (5th Cir. Feb. 6, 2018).

If a statute is indivisible, the sentencing court must apply the "categorical approach." *Id*. at 2248. It "requires the sentencing court, when determining whether a crime qualifies as a violent felony under the elements clause, to focus solely on whether the elements of the crime of conviction include the use, attempted use, or threatened use of physical force against the person of another." *Lerma*, 877 F.3d at 630. "The sentencing court is not permitted to review the particular facts of the case." *Id*.

If a statute is divisible, the district court must use the "modified categorical approach" to determine the elements under which the defendant was convicted. *Mathis*, 136 S.Ct. at 2253. Under the modified categorical approach, the district court looks "to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of [committing]." *Id*. at 2249 (citations omitted). "The court can then determine, in deciding whether the crime satisfies the elements clause, if one of those elements included the use, attempted use, or threatened use of physical force against the person of another." *Lerma*, 877 F.3d at 630.

Cantu was convicted of aggravated robbery in Texas in 1995. (3:15-CV-3896-K, doc. 16 at 3.) In 1995, Texas Penal Code § 29.03 provided, in pertinent part:

> (a) A person commits an [aggravated robbery] if he commits robbery as defined in Section 29.02, and he:
>
> > (1) causes serious bodily injury to another;
> >
> > (2) uses or exhibits a deadly weapon; or
> >
> > (3) causes bodily injury to another person or threatens or places another person in fear of imminent bodily injury or death, if the other person is:
> >
> > > (A) 65 years of age or older; or
> > >
> > > (B) A disabled person.

Tex. Penal Code § 29.03.

The Texas robbery statute—incorporated into the first paragraph of the aggravated robbery statute—provided as relevant:

> (a) A person commits [robbery in Texas] if, in the course of committing theft … and with intent to obtain or maintain control of the property, he:
>
> > (1) Intentionally, knowingly, or recklessly causes bodily injury to another, or
> >
> > (2) Intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

Tex. Penal Code § 29.02.

The Fifth Circuit has "conclude[d] that [this] Texas aggravated robbery statute

9

is divisible." *Lerma*, 877 F.3d at 634. So, this Court must use the modified categorical approach to determine whether Cantu's aggravated robbery conviction satisfies Section 924(e)'s force clause. *See id.*

The modified categorical approach "permits a court to determine which statutory phrase was the basis for the conviction by consulting the trial record." *Johnson*, 559 U.S. at 144. The Court may refer to the "charging documents, plea agreements, transcripts of plea colloquies, findings of fact and conclusion of law from a bench trial, and jury instructions and verdict forms." *Id*. (citations omitted).

Here, the record contains Cantu's indictment and judicial confession in support of his guilty plea, which show that he:

> did unlawfully then and there while in the course of committing theft and with intent to obtain and maintain control of the property of [the victim] ..., without the effective consent of [the victim] and with intent to deprive [the victim] of said property, did then and there knowingly and intentionally threaten and place [the victim] in fear of imminent bodily injury and death, and [Cantu] did then and there use and exhibit a deadly weapon, to-wit: a firearm.

(3:15-CV-3896-K, doc. 16 at 9.) Because Cantu's aggravated robbery conviction involved his commission of a robbery and his using and exhibiting a deadly weapon, his conviction was based on Section 29.03(a)(2) of the Texas aggravated robbery statute.

The Fifth Circuit has held that a "conviction[ ] for aggravated robbery under Texas Penal Code § 29.03(a)(2)" is a violent felony "under the force clause of the

ACCA." *Lerma*, 877 F.3d at 631; *see also id*. at 636 ("There can be no question that a crime under Texas Penal Code § 29.03(a)(2), that is, threatening someone with imminent bodily injury or death, or placing someone in fear of such, while using or exhibiting a deadly weapon in the course of committing theft with intent to obtain or maintain control of the property, has as an element the threatened use of physical force against another."). Accordingly, Cantu's aggravated robbery conviction still qualifies as a violent felony after *Johnson*. *See Rodriguez v. United States*, No. 3:16-CV-1740-K, 2018 WL 276337 (N.D. Tex. Jan. 2, 2018) (Texas aggravated robbery under § 29.03(a)(2) is a violent felony under the ACCA).

## V. CONCLUSION

For the foregoing reasons, the § 2255 motion is DENIED with prejudice.

SO ORDERED.

Signed March 5th, 2018.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE